UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                             Case No. 8:13-bk-08589-MGW
                                                                                        Chapter 13
Dean Charles Marcum,

    Debtor.
_____/

Patsy Marcum,

    Plaintiff,

v.                                                                                  Adv. No. 8:13-ap-01093-MGW

Dean Charles Marcum,

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**
**ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

      The question the Court must decide is whether a creditor that has loaned money to a debtor for the purpose of paying real estate taxes on the debtor's homestead property is entitled to an equitable mortgage on the property, where (i) a promissory note given by the debtor to the creditor identifies the property to be pledged as security and expressly states that the amount of the loan will be secured by a lien upon the property and (ii) the debtor failed to execute and deliver a mortgage. For the reasons set forth below, the Court concludes these circumstances support the imposition of an equitable lien for the money loaned for purposes of paying the real estate taxes on the debtor's homestead.

**Factual and Procedural Background**

      The Plaintiff, Patsy Marcum ("Mrs. Marcum"), has brought this adversary proceeding against the Debtor, Dean Charles Marcum ("Debtor"), seeking (i) a declaratory judgment

establishing that Mrs. Marcum holds a valid and binding first mortgage on homestead property owned by the Debtor (Count I), and (ii) specific performance of an oral and written agreement to execute a mortgage on the homestead property (Count II).[1] Because consideration of the Plaintiff's Motion for Summary Judgment as it relates to Count I of the Second Amended Complaint is dispositive, the Court need not reach the issues relating to Count II.

The facts necessary to the Court's consideration and disposition of the cross-motions for summary judgment filed by the parties are undisputed.[2] In February 2011, the Debtor borrowed $9,400 from Mrs. Marcum to pay delinquent 2008 real estate taxes due on his homestead in order to prevent a sale of the homestead by the Clerk of Court. Again, in March 2012, the Debtor borrowed $6,300 from Mrs. Marcum to pay delinquent 2009 property taxes to prevent a sale of his homestead by the Clerk of Court.

These loans were memorialized in two identical promissory notes that were prepared by Mrs. Marcum, apparently based on her twenty years of experience as a paralegal. Both of these promissory notes include typical provisions contained in most promissory notes with additional references concerning the collateral to be provided to Mrs. Marcum by the Debtor. In this regard, the notes state: "Such amount owing shall be secured as a lien upon the property owned by Borrower located at 1484 Lemon Bay Dr., Inglewood, FL 34223….This note is secured by a mortgage on real estate of even date herewith, and shall be construed and referenced accordingly."

Despite these references, no mortgages were ever executed by the Debtor to secure repayment of the amounts borrowed to pay the real estate taxes. And for purposes of the Court's consideration of the cross-motions for summary judgment, the court assumes—as the Debtor has

---

[1] Second Amended Complaint, Adv. Doc. No. 16-1.

[2] Adv. Doc. Nos. 19 & 21.

stated in his Affidavit in Opposition to Plaintiff's Motion for Summary Judgment—that (other than the reference in the promissory note to a mortgage) Mrs. Marcum never approached nor discussed with the Debtor anything about executing a mortgage on his homestead as security for payment of the notes.[3]

## Conclusions of Law[4]

As a general proposition, the organic and statutory provisions relating to the Constitutional Florida homestead exemption should be liberally construed in the interest of the family home.[5] This rule of liberal construction in favor of the homestead is to be contrasted with a concomitant rule of strict construction as applied to exceptions to the homestead.[6] Under long-standing Florida case law, there are two ways to create an equitable lien on homestead. First are cases where special circumstances create an equitable lien because of "right and justice."[7] In these cases, the party against whom the equitable lien is to be imposed is typically guilty of fraud, mutual mistake, estoppel or reprehensible conduct.[8] A leading case in this area is *Fishbein*, in which the Florida Supreme Court allowed an equitable lien against homestead property in favor of a lender where the debtor had fraudulently obtained a loan and used that loan to pay preexisting mortgages on the homestead property.[9]

---

[3] Adv. Doc. No. 26, ¶ 12.

[4] The Court has jurisdiction over this contested matter under 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

[5] *Havoco v. Hill*, 790 So.2d 1018 (Fla. 2001).

[6] *Id.*

[7] *Hobco, Inc. v. Tallahassee Assocs.,* 807 F.2d 1529, 1534 (11th Cir. 1987).

[8] *See*, *e.g., First Union Nat'l Bank v. Diamond*, 196 B.R. 635 (Bankr. S.D. Fla. 1996).

[9] *Palm Beach Sav. & Loan Ass'n, F.S.A. v. Fishbein*, 619 So. 2d 267 (Fla. 1993).

The other line of cases allows the imposition of an equitable lien against a debtor's homestead where there is a contract showing an intent to charge a particular property with a debt.[10] Cases falling within this category do not require the showing of fraud or other egregious conduct as a basis for the imposition of an equitable lien.[11] Rather, it is sufficient that there is a contract showing an intention to charge property with a particular debt.[12] For example, in the Meyer case, prior to dying in an airplane accident, the decedent had delivered a letter to the plaintiff promising to give him a second mortgage on certain specific real property to secure a loan of $20,000. He died without executing the mortgage. Based on the fact that there was a written contract in which the decedent had agreed to encumber specific property with a mortgage to secure a loan, the court upheld the grant of the equitable lien by the trial court.[13]

So given this case law, it is clear to this Court that so long as an agreement exists that indicates intent to create a mortgage, an equitable lien may be imposed with the mortgages never actually executed. Imposition of an equitable lien in this case is further supported by the doctrine of subrogation since the money lent was used to pay real estate taxes.

This leaves the only remaining issue of whether or not the language contained in the promissory notes is sufficient to meet the requirement of a writing evidencing an intent to create a mortgage. In this regard, the second sentence contained in the note may, in itself, not be sufficient since it simply references a non-existing mortgage. But the first sentence could not be more clear in providing that "such amount shall be secured by a lien upon the property owned by Borrower located at 1484 Lemon Bay Dr., Englewood, FL 34223."

---

[10] *Hobco*, 807 F.2d at 1534; *Diamond*, 196 B.R. at 639.

[11] *Diamond*, 196 B.R. at 640.

[12] *Meyer v. Schwartz*, 391 So. 2d 310, 311 (Fla. 4th DCA 1980).

[13] *Id*.

A case somewhat similar to the present one in terms of its facts is *In re Dalton*, a case decided by Judge George L. Proctor in 1988. In the case, the debtor had executed a mortgage note that stated in relevant part, "this note with interest is secured by a mortgage on real estate, of even date herewith, made by the maker hereof in favor of the said payee, and shall be construed and enforced according to the laws of the State of Florida."[14] The court concluded that under Florida law, what constitutes a mortgage is whether the facts and circumstances surrounding the transfer indicate that the instrument was given for the purpose of securing the payment of money. Such is the case here. The parties clearly contemplated that the obligation be "secured by mortgage on real estate" even though the property was not adequately described.[15]

In response, the Debtor cites certain fundamental rules of statutory construction. First, given that Mrs. Marcum drafted the subject note, an ambiguous contract term is to be construed against the drafter.[16] Second, that this Court sitting as a court of equity in imposing an equitable lien should be mindful of the maxim: "neither law nor equity favors the negligent, nor do they hold out a premium to the careless,…."[17] And finally, that there is no rule better established in equity than expressed in the maxim that "equity follows the law."[18] Put in other words, "[c]ourts of equity have no power to overrule established law."[19]

But these principles have no applicability to this case. First, there is nothing ambiguous about the words, "such amount owing shall be secured as a lien upon the property owned by" the

---

[14] *In re Dalton*, 90 B.R. 519 (Bankr. M.D. Fla. 1988).

[15] *Id*. at 520-521.

[16] *City of Homestead v. Johnson*, 760 So. 2d 80, 85 (Fla. 2000); *Sol Walker & Co. v. Seaboard Coast Line R.R. Co.*, 362 So.2d 45, 49 (Fla. 2d DCA 1978).

[17] *Reitano v. Fote*, 50 So. 2d 873, 874 (Fla. 1951).

[18] *Bank of S. Palm Beaches v. Stockton, Whatley, Davin & Co.*, 473 So. 2d 1358, 1361 (Fla. 4th DCA 1985).

[19] *Id.*

Debtor. Second, where the intent exists to create the mortgage as evidenced by unambiguous written terms, the fact that the party may be negligent in failing to follow up to ensure that the mortgage is executed and recorded is not a defense to the imposition of an equitable lien. In fact some degree of negligence would exist in every equitable lien case under similar circumstances—such as in *Meyer v. Schwartz*, where the decedent promised to get a second mortgage on specific property but simply failed to do so prior to his untimely death.[20] And imposition of an equitable lien hardly overrules the statutes and case law that typically require certain formalities in actual recording as a condition to obtaining a mortgage. The equitable lien law exists exactly for the situation in which those formalities were not followed and is itself "established law."

## Conclusion

The Court concludes that even viewing the facts and law most favorably to the Debtor, the language contained in the promissory notes executed by the Debtor is clear and unambiguous and evidences the intent to provide a mortgage for the amounts that were loaned. Under those circumstances, the Court will enter an order granting partial summary judgment in favor of Mrs. Marcum and denying the Debtor's motion for summary judgment.[21]  Accordingly, it is

**ORDERED:**

1. The Plaintiff's Motion for Summary Judgment[22] is GRANTED in part.

2. The Defendant's Motion for Summary Judgment[23] is DENIED.

---

[20] *Meyer v. Schwartz*, 391 So. 2d 310.

[21] This leaves for consideration the issue of setoff that is raised as the first affirmative defense in the Debtor's answer (Adv. Doc. No. 18).

[22] Adv. Doc. No. 19.

[23] Adv. Doc. No. 21.

3. The Court will conduct a trial on **April 17, 2014, at 9:30 a.m.**, in Courtroom 8A, Sam Gibbons U.S. Courthouse, 801 N. Florida Avenue, Tampa, Florida, on the remaining issue of setoff.

**DATED** in Chambers at Tampa, Florida, on April 16, 2014.

Michael G. Williamson
United States Bankruptcy Judge

**M. Lewis Hall, III, Esq.**
**Williams Parker Harrison Dietz & Getzen**
*Counsel for Plaintiff*

**Walter G. Bullington, Jr., Esq.**
**Norman and Bullington, P.A.**
*Counsel for Debtor/Defendant*

Service Instructions:  M. Lewis Hall, III, Esq. is directed to serve a copy of this memorandum opinion and order on interested parties and file a proof of service within 3 days of entry of the order.